**1000**

The RIGGS NATIONAL BANK OF WASHINGTON, D. C., Trustee under the Will of Henrietta V. Johnston, Deceased, Plaintiff,

v.

John V. SUMMERLIN, Jr., Harriott Summerlin Humphrey, Dolores Summerlin Kelchner, Elna Barrett Summerlin, Virginia Summerlin Wilcox, Elizabeth Zolnay Sullivan, Margaret Emmet Sullivan, Henrietta Vandergrift Sullivan, Harriott Page Humphrey, Peter Gage Humphrey, Walcott Juliess Humphrey IV, and the Washington Foundation, the Riggs National Bank of Washington, D. C., Trustee, Defendants.

Civ. A. No. 187–69.

United States District Court
District of Columbia.

June 20, 1969.

Frederick M. Bradley, and James E. Murray, Hogan & Hartson, Washington, D. C., for plaintiff Riggs Nat. Bank.

Alfred L. Scanlan, Washington, D. C., John J. Tommaney, New York City, for defendants John V. Summerlin, Jr., and Harriott Summerlin Humphrey.

Calvin H. Cobb, Jr., Washington, D. C., for defendant Virginia Summerlin Wilcox.

Brainard J. Warner, III, Washington, D. C., for defendants Elna Barrett Summerlin and Dolores Summerlin Kelchner.

J. Gordon Forester, Jr., Washington, D. C., guardian ad litem for minor defendants Elizabeth Zolnay Sullivan, Margaret Emmet Sullivan and Henrietta Vandergrift Summerlin.

Arthur G. Nichols, Jr., Washington, D. C., for defendant Washington Foundation, Frederick C. LeComte, guardian ad litem for minor defendants Harriott Page Humphrey, Peter Gage Humphrey and Walcott Juliess Humphrey, IV.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff, as trustee, brings this action for construction and interpretation of a will to ascertain the interests of the defendants and for guidance as to future distributions. This court has jurisdiction under D.C.Code § 11–521 (1967 ed.), 28 U.S.C.A. § 2201, and Rule 57 of the Federal Rules of Civil Procedure. The will, dated March 22, 1929, is that of Mrs. Henrietta V. Johnston who died on March 28, 1930. The will was admitted

to probate on April 5, 1930; its validity is uncontested.

Initially, the will provides for equal one-fourth life estates in her husband, her daughter, and her two grandsons. Additional provisions, operative upon the death of these original beneficiaries, funnel the legacy through the grandsons to their issue. Upon the death of the original four life tenants and any issue of the two grandsons living at the time of the testatrix's death, the trust terminates and the corpus is to be distributed to the issue of the grandsons. In the event that there are no such issue, the corpus goes to the Washington Foundation, a contingent remainderman to be administered by the trustee.

Two questions are presented for resolution. The first is whether a child adopted by one of the grandsons twelve years after the death of the testatrix is to be considered as "issue" within the terms of the will, and, as such, entitled to share in the future income of the trust and the corpus upon distribution. The second question is whether one of the grandson's natural issue, who was *en ventre sa mere* at the time of the testatrix's death, represents a measuring life for the trust. The parties in interest have submitted the case on cross-motions for summary judgment. The court is of the opinion that both questions should be answered in the affirmative.

The District of Columbia adoption statute [1] enacted in 1963 provides in pertinent part:

A final decree of adoption establishes the relationship of natural parent and natural child between the adoptor and adoptee for all purposes, including mutual rights of inheritance and succession as if adoptee were born to adoptor. The adoptee takes from, through, and as representative of his adoptive parent or parents in the same manner as a child by birth, and upon the death of an adoptee intestate, his property shall pass and be distributed in the same manner as if the adoptee had been born to the adopting parent or parents in lawful wedlock.

It is well settled that in construing a will the intent of the testatrix is controlling. Here, however, there is nothing within the four corners of the instrument which points to her preference regarding adopted children. Mrs. Johnston probably never considered the matter, there is certainly no indication of intended discrimination. Public policy thus becomes the guide to follow. Precedent is found in the case of Johns v. Cobb, 131 U.S.App.D.C. 85, 402 F.2d 636, (1968), which, in a footnote, additionally notes that, "While we view the time of adoption here as a factor * * *, we do not attach great importance to it * * *"

Craig v. Rowland, 10 App.D.C. 402 (1897), furnishes the basis for the answer to the second question wherein at page 415 it notes that,

Now, it is well settled, both in England and in this country, that a child *en ventre sa mere* is deemed to be *in esse*, for the purpose of taking a remainder, or any other estate or interest which is for his benefit, whether by descent, by devise, or under the statute of distribution. 4 Kent Com. 249. The cases are full to this effect; * * *

It is therefore this 20th day of June, 1969,

Ordered that plaintiff's motion for summary judgment is hereby granted and defendant's motion for summary judgment is denied.

1. D.C.Code § 16–312(a) (1967 ed.).